IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CSX TRANSPORTATION, INC., )<br>)<br>Defendant. ) | Case No.: 3:08CV-00956<br><br>**JUDGE JACK ZOUHARY** |

### PLAINTIFF'S MOTIONS IN LIMINE

COMES NOW Plaintiff, Kimberly Thompson, by and through her attorneys, and before trial and selection of the jury in the above-styled action, moves this Court in limine to instruct the defendant and its lawyers to abstain from and preclude them from using any pleading, testimony, remarks, questions, visual aids, arguments or opening statements which are set forth below. The matters discussed in the following paragraphs are irrelevant, prejudicial and immaterial to any of the material issues in this cause of action. The injection of the foregoing matters into the trial of this cause by any party, lawyer or witness would cause irreparable harm to the plaintiff's action, which no instruction by the Court to the jury could cure. Wherefore, Plaintiff moves the court in limine as follows.

### Disability And Other Financial Benefits

1. That Plaintiff has applied for and/or received disability payments of any nature or kind, including but not limited to U.S. Railroad Retirement Board Disability benefits, Social Security Disability benefits, private insurance benefits, and/or any other such financial benefits, including payment of plaintiff's medical, hospital, surgical, therapeutic and/or rehabilitative bills as a result of her injuries. Any such financial benefits are irrelevant, are considered inadmissible

1

collateral source payments, and highly prejudicial to plaintiff if admitted. Eichel v. New York Cent. R. Co., 375 U.S. 253, 84 S.Ct. 316 (1963); See, Patterson v. Norfolk & Western Railway Company, 489 F.2d 303, 307-308 (6th Cir. 1973).

### Plaintiff Hiring An Attorney

2. When and why Plaintiff hired any attorney. The circumstances surrounding the timing of Kimberly Thompson hiring an attorney are protected by the attorney-client privilege, the right to seek counsel, the public policy favoring full representation, as well as being completely irrelevant and collateral to this lawsuit. Nguyen by and through Nguyen v. Haworth, 916 S.W. 2d 887 (Mo.App. W.D. 1996). Additionally, when Plaintiff filed suit against Defendant is irrelevant in that it attempts to improperly show a party's litigious nature is improper. Carlyle v. Lai, 783 S.W. 2d 925 (Mo. App. 1989).

### Testimony Of A Witness Not Disclosed And Deposed

3. Any and all testimony of any witnesses, supervisors, officials and/or employees of Norfolk Southern Railway Company, not disclosed and not already deposed by plaintiff. During discovery, plaintiff requested depositions of any witnesses defendant expected to testify at trial. Specifically, by letter dated March 13, 2009 plaintiff requested that defendant identify and produce for deposition any additional individuals other than those already deposed who defendant expected to testify at trial. (*Plaintiff's Exhibit A, pp. 2*) No such additional individuals were identified. As such, allowing defendant to present testimony from any witness who plaintiff has not deposed would be improper and prejudicial.

### Mitigation Of Damages

4. Any and all testimony from any witness on behalf of the defendant on the issue of plaintiff's alleged failure to mitigate her damages. First, there is no evidence whatsoever,

medical or otherwise, that plaintiff is or has been a malingerer or symptom magnifier related to her debilitating and permanent injuries and residuals. Second, a claim that a plaintiff failed to mitigate her or her damages is an **affirmative defense**; therefore, the **burden** of demonstrating that the plaintiff's damages were lessened or might have been lessened **falls on the defendant** employer. Jones v. Consolidated Rail Corp., 800 F.2d 590, 593 (6th Cir. 1986) (emphasis added). A showing that Plaintiff failed to seek employment "does not alone suffice to justify a mitigation instruction; the defendant must also show that **appropriate jobs were available**". Ahlf v. CSX Transportation, Inc. 386 F.Supp.2d 83, 92 (N.D.N.Y., 2005), citing Wilson v. Union Pacific R.R. Co., 56 F.3d 1226, 1232 (10th Cir. 1995) (emphasis added). Defendant has presented no evidence that plaintiff turned down a position offered by defendant (no job has ever been offered by defendant), nor has defendant offered any evidence that "appropriate jobs are available" for plaintiff with defendant given her injuries, residuals and permanent limitations.

Also, plaintiff propounded on defendant the following interrogatory and received the following response which was never supplemented:

**Interrogatory 18**: If you allege Plaintiff's violation of any rule, regulation, or work practice caused or contributed to cause her injuries as alleged in the Complaint, list each and every such rule, regulation, or work practice.

**Answer**: Objection. Defendant is not required to explain the legal or factual bases for its affirmative defenses. The affirmative defenses were interposed by counsel and, pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, this Interrogatory seeks protected mental impressions, conclusions, opinions and legal theories of counsel. Defendant raised its affirmative defenses in good faith, realizing that discovery is ongoing and in order to prevent their waiver. Prior to trial, defendant will review the defenses and modify or withdraw them if appropriate.

(*Plaintiff's Exhibit B, pp. 10-11*)

It is error to instruct the jury on an issue when there has been insufficient evidence presented to support a jury finding on that issue. Jones, 800 F.2d at 592. Defendant has not

3

discharged its burden on this issue and any such evidence as to mitigation must not be allowed at the trial of this matter.

### Contributory Fault

5. Any and all mention of any contributory fault of plaintiff. This motion is based on the testimony of Lawrence Fitch, a signal maintainer for defendant who inspected the broken switch in Ligonier, Indiana the day of plaintiff's initial injury on or about June 26, 2007. Mr. Fitch testified in his December 11, 2008 deposition to the following facts: (1) There had been prior reported problems with this switch (*Plaintiff's Exhibit C, pp. 10-11*); (2) He had physically come out and fixed a problem with the lock rods on the switch prior to June of 2007 (*Plaintiff's Exhibit C, pp. 11*); (3) When he responded to plaintiff's report of the switch not working properly on June 26, 2007, he found that the steel locking bar did not line up with the lock rods in the switch machine preventing the switch from locking up properly (*Plaintiff's Exhibit C, pp. 15*); (4) He further found that the locking bar in the switch machine was striking the internal lock rod which was out of adjustment and the out of adjustment lock rod **could not be seen by a visual inspection.** (*Plaintiff's Exhibit C, pp. 20*); (5) When he tried to throw the switch, he thought it threw hard and the switch sword broke off the switch which then allowed the switch to throw as intended. (*Plaintiff's Exhibit C, pp. 22*).

Furthermore, plaintiff propounded on defendant the following interrogatories and received the following responses which were never supplemented:

**Interrogatory 16**: If you allege Plaintiff's violation of any rule, regulation, or work practice caused or contributed to cause her injuries as alleged in the Complaint, list each and every such rule, regulation, or work practice.

**Answer**: Unknown at this time. Discovery is continuing. This answer will be supplemented.

**Interrogatory 17**: List any and all facts and evidence which support your assertion that

4

plaintiff's injuries, if any, were caused in whole or in part by plaintiff's own negligence so as to bar or otherwise diminish plaintiff's recovery as alleged in defendant's Answer.

**Answer**: Objection. Defendant is not required to explain the legal or factual bases for its affirmative defenses. The affirmative defenses were interposed by counsel and, pursuant to Rule 26(b)(3) of the Federal Rules of Civil Procedure, this Interrogatory seeks protected mental impressions, conclusions, opinions and legal theories of counsel. Defendant raised its affirmative defenses in good faith, realizing that discovery is ongoing and in order to prevent their waiver. Prior to trial, defendant will review the defenses and modify or withdraw them if appropriate.

(*Plaintiff's Exhibit B, pp. 10-11*)

The defendant bears the burden of proving the defense of the contributory negligence which in some manner proximately contributed to the injuries of the plaintiff. Dixon v. Penn Central Co., 481 F.2d 833, 837 (6th Cir. 1973). In satisfying the burden of showing that the plaintiff's actions constituted contributory negligence in cases where alternate reasonable courses of action existed, the defendant needs to show that the plaintiff's actions were unreasonable. Id. at 837. In light of the above referenced testimonial evidence, defendant has not, and cannot, discharge its burden of prove as to plaintiff's alleged contributory negligence. Under these circumstances, submitting this issue to the jury in the absence of such evidence is reversible error. Id. at 837-838.

## Financial Or Pecuniary Circumstances of The Plaintiff

6. The financial or pecuniary circumstances of the Plaintiff including the type and number of cars, home, or other material possessions she owns, investment or other passive income. Lewis v. Hubert, 532 S.W.2d 860, 866 (Mo.App. 1975); M&A Electric Power Cooperative v. True, et al., 480 S.W.2d 310, 314 (Mo.App. 1972). This evidence is irrelevant and immaterial.

## Secondary Gain Motivation

7. Suggestions of secondary gain motivation or that patients involved in litigation have complaints of injury for a longer period of time than patients who are not involved in litigation or

5

do not return to work as quickly. Defendants have no competent evidence to suggest that <u>this</u> Plaintiff, Kimberly Thompson, falls within any of these unfair stereotypes and the prejudicial subject is irrelevant. Additionally, no treating physician has testified that plaintiff exaggerated her symptoms or malingered to allow the suggestion that other individuals may be motivated by secondary gain or have longer recovery periods when involved in litigation is irrelevant to the issues in this case and would encourage the jury to speculate and should be excluded. <u>See</u> <u>Yingling v. Hartwig</u>, 925 S.W.2d 952, 956 (Mo.App. 1996).

### Re-Direct Testimony of Dr. Leo Clark

8. Plaintiff seeks to exclude the Re-Direct Testimony of Dr. Leo Clark, specifically as reflected on Pages 59, Line 14 through Page 63, Line 11 as said testimony was outside the scope of Dr. Clark's testimony elicited during plaintiff's cross-examination. (*See June 26, 2009 Deposition of Dr. Leo Clark, filed with the Court as Document 26*). As such, plaintiff submits that said testimony was improper and should not be allowed into evidence at trial.

Respectfully submitted,

O'BRIEN CHOD, LLC

/s/Patrick S. O'Brien
Patrick S. O'Brien (*Pro Hac Vice*)
Jeffrey E. Chod (*Pro Hac Vice*)
326 South 21st Street, Suite 306
St. Louis, MO 63103
(314) 621-7474
(314) 621-7476 Fax
pobrien@obrienchod.com
araterman@obrienchod.com

6

CONTRADA & ASSOCIATES  
Charles V. Contrada (0012238)  
6641 Sylvania Avenue, Suite 8  
Sylvania, OH 43560  
(419) 841-4400  
(419) 841-4463 Fax  
Charlie@contrada.net  

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 14, 2009 a copy of the foregoing was filed electronically. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, including to:

Sheila A. McKeon, Esq.  
GALLAGHER SHARP  
420 Madison Avenue, Suite 1250  
Toledo, Ohio 43604  

/s/Patrick S. O'Brien